UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LORENZO McCLAY,

     Petitioner,

-vs-                                   **Case No.  8:12-CV-1071-T-27TBM**

SECRETARY, DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____/

## ORDER

Petitioner, an inmate of the Florida penal system proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("petition") challenging a conviction for robbery entered in 2007 by the Tenth Judicial Circuit Court, Polk County, Florida (Dkt. 1). Petitioner subsequently filed an amended petition (Dkt. 6). Respondent filed a response to the amended petition (Dkt. 12). Although afforded the opportunity, Petitioner did not file a reply to the response (see Dkt. 5 at p. 4). Upon review, the amended petition will be denied.

## PROCEDURAL HISTORY

On November 20, 2006, Petitioner was charged by Amended Information with robbery (Resp. Ex. 1 at record pp. 23-25). On February 28, 2007, a jury convicted Petitioner as charged in the Amended Information (Resp. Ex. 2). Petitioner was sentenced to a term of 15-years' imprisonment (Resp. Ex. 3; Ex. 4 at record pp. 48-49). On June 25, 2008, the state appellate court affirmed (Resp. Ex. 8); *McClay v. State*, 984 So. 2d 1256 (Fla. 2d DCA 2008) [table].

On June 8, 2009, Petitioner filed a Motion for Post Conviction Relief pursuant to Florida Rules of Criminal Procedure, Rule 3.850 alleging three claims of ineffective assistance of trial

counsel (Resp. Ex. 9). On July 8, 2009, the state post-conviction court denied Grounds Two and Three of the Rule 3.850 motion, and dismissed Ground One, granting Petitioner leave to amend the claim (Resp. Ex. 10). On September 4, 2009, Petitioner filed an amended Rule 3.850 motion in which he re-asserted Ground One and asserted two new claims (Resp. Ex. 11). On October 8, 2009, the state post-conviction court denied Grounds One and Five, and directed the State to respond to Ground Four (Resp. Ex. 12). In its response, the State moved to dismiss Ground Four as facially insufficient (Resp. Ex. 13). On December 10, 2009, the state post-conviction court granted the motion to dismiss and allowed Petitioner leave to amend Ground Four (Resp. Ex. 14). Petitioner re-filed Ground Four in his second amended Rule 3.850 motion (Resp. Ex. 15). Following an evidentiary hearing on Ground Four (Resp. Ex. 19), the state post-conviction court denied the claim on February 7, 2011 (Resp. Ex. 20). On March 2, 2012, the state appellate court affirmed the denial of Rule 3.850 relief (Resp. Ex. 24); *McClay v. State*, 83 So. 3d 724 (Fla. 2d DCA 2012) [table].

On June 5, 2012, Petitioner filed a state petition for writ of habeas corpus alleging ineffective assistance of post-conviction appellate counsel (Resp. Ex. 25). The Florida Second District Court of Appeal denied the petition on July 18, 2012 (Resp. Ex. 26).

Petitioner filed his original federal habeas petition in this Court on May 14, 2012, raising two grounds for relief (Dkt. 1). Petitioner filed an amended petition on August 15, 2012, raising his two original grounds for relief and one additional claim (Ground Three):

1. Trial counsel was ineffective in failing to call witnesses Detective Anderson (the investigating officer) and Paul Fleming (Petitioner's co-defendant);

2. The state trial court erred in denying Petitioner's motion for judgment of acquittal where the State's evidence failed to overcome Petitioner's hypothesis of innocence; and

3. Post-conviction appellate counsel was ineffective in failing to argue that trial counsel was ineffective in advising Petitioner that if he took the stand, the nature and substance of his prior convictions would be revealed to the jury.

## STANDARDS OF REVIEW

**Standard of Review Under the AEDPA**

The amended petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") effective April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Under AEDPA, habeas relief can only be granted if a petitioner is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Section 2254(d) sets forth a highly deferential standard for federal court review of a state court's findings of law and fact. It provides that habeas relief may not be granted on a claim adjudicated on the merits in state court unless such determination:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

> The Supreme Court has explained the deferential review of a state court's findings:
>
> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court's factual findings must also be given deference. Specifically, a state court's determinations of fact "shall be presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Henderson v. Campbell*, 353 F.3d 880, 890-91 (11th Cir. 2003).

**Ineffective Assistance of Counsel Standard**

To have a facially valid claim alleging ineffective assistance of counsel, Petitioner must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland*'s two-part test requires Petitioner to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*

"Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 130 S. Ct. 1473, 1485 (2010). "Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011). As the *Richter* Court explained:

> The standards created by *Strickland* and § 2254(d) are both "highly deferential," and when the two apply in tandem, review is "doubly" so. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Id.* (citations omitted).

**Exhaustion of State Remedies and Procedural Default**

Before a district court can grant habeas relief to a state prisoner under § 2254, the petitioner

4

must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion. See § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."). A state prisoner "'must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process,' including review by the state's court of last resort, even if review in that court is discretionary." *Pruitt v. Jones*, 348 F.3d 1355, 1358-59 (11th Cir. 2003) (quoting *O'Sullivan*, 526 U.S. at 845.)

To exhaust a claim, a petitioner must make the state court aware of both the legal and factual bases for his claim. *See Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998) ("Exhaustion of state remedies requires that the state prisoner 'fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass on and correct alleged violations of its' prisoners federal rights.'") (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)). A federal habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State. . .if he has the right under the law of the State to raise, by any available procedure, the question presented." *Pruitt*, 348 F.3d at 1358. The prohibition against raising an unexhausted claim in federal court extends to both the broad legal theory of relief and the specific factual contention that supports relief. *Kelley v. Sec'y, Dep't of Corr.*, 377 F.3d 1317, 1344 (11th Cir. 2004).

The requirement of exhausting state remedies as a prerequisite to federal review is satisfied if the petitioner "fairly presents" his claim in each appropriate state court *and alerts that court to the federal nature of the* claim. 28 U.S.C. § 2254(b)(1); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). A petitioner may raise a federal claim in state court "by citing in conjunction with the claim the

5

federal source of law on which he relies or a case deciding such claim on federal grounds, or simply by labeling the claim 'federal.'" *Baldwin v. Reese*, 541 U.S. 27, 32 (2004).

The doctrine of procedural default provides that "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is established." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). To establish cause for a procedural default, a petitioner "must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." *Wright v. Hopper*, 169 F. 3d 695, 703 (11th Cir. 1999). *See also Murray v. Carrier*, 477 U.S. 478 (1986). To show prejudice, a petitioner must demonstrate not only that the errors at his trial created the possibility of prejudice but that they worked to his actual and substantial disadvantage and infected the entire trial with error of constitutional dimensions. *United States v. Frady*, 456 U.S. 152 (1982). The petitioner must show at least a reasonable probability of a different outcome. *Crawford v. Head*, 311 F.3d 1288, 1327-28 (11th Cir. 2002).

Alternatively, a petitioner may obtain federal habeas review of a procedurally defaulted claim if review is necessary to correct a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Carrier*, 477 U.S. at 495-96. A fundamental miscarriage of justice occurs in an extraordinary case where a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). To meet this standard, a petitioner must show a reasonable likelihood of acquittal absent the constitutional error. *Schlup*, 513 U.S. at 327.

## DISCUSSION

**Ground One**

Petitioner contends that trial counsel was ineffective in failing to call two witnesses at trial.

Specifically, Petitioner asserts that counsel should have called: 1) Petitioner's co-defendant, Paul

Fleming, to testify that Petitioner was not one of the two perpetrators who attacked the victim, and

was not wearing red shoes at the time the victim was attacked; and 2) Detective Anderson to testify

that Petitioner was not wearing red shoes at the time he interviewed Petitioner following Petitioner's

arrest.[1]

In state court, Petitioner raised this claim as Amended Ground One in his Amended Motion

for Post-Conviction Relief (Resp. Ex. 11 at pp. 3-6). In denying the claim, the state post-conviction

court stated:

> In amended claim 1, Defendant writes that trial counsel should have called
> his codefendant, Paul Fleming, to testify that the Defendant was not the one who
> committed the crime because it was not the Defendant who was wearing the red
> tennis shoes. As to this claim, it is unlikely that the codefendant would have taken
> the stand and admitted that he was the perpetrator.
>
> Also, in amended claim 1, Defendant writes that trial counsel should have
> called Detective Anderson to testify that the Defendant was not wearing red shoes
> when he interviewed the Defendant. Defendant's claim is merely conclusory. The
> record indicates that the witnesses identified the Defendant as the one wearing the
> distinctive red tennis shoes.  Gary Lee Guthrie testified that the black man
> (Defendant) went from hitting to kicking him. T.T. 48. Mr. Guthrie testified that the
> black male who was hitting him while he was on the ground was wearing a "very
> distinct pair of red tennis shoes." T.T. 49.  Mark Thornton testified that the black
> male was wearing red shoes. T.T. 92. Oscar Wesley testified that the black male was
> wearing red shoes. T.T. 158.
>
> * * *

---

[1] During trial, the victim and another witness, Mark Thornton, testified that the black male who participated in
the robbery wore red tennis shoes (Resp. Ex. 28 at pp. 49, 92).

Based on the above, Defendant's **amended claim 1 is DENIED**.

(Resp. Ex. 12 at record p. 95) (emphasis in original).

Self-serving speculation about potential witness testimony is insufficient to support a claim of ineffective assistance of counsel. *See United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991) ("A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim."). Rather, a petitioner must present evidence about the witness testimony in the form of actual testimony, or an affidavit. *Id.*

Petitioner has failed to present actual testimony or an affidavit from Fleming or Detective Anderson indicating to what they would have testified. There is no record evidence indicating how they would have testified at Petitioner's trial. Petitioner's statements regarding how Fleming and Detective Anderson would have testified and how the testimony would have aided his case (notwithstanding the significant evidence against him) is therefore pure speculation. Consequently, Petitioner has not made the requisite factual showing, and his self-serving speculations regarding Fleming and Detective Anderson's testimony will not sustain a claim of ineffective assistance of counsel. *Johnson v. Alabama*, 256 F.3d 1156 (11th Cir. 2001) (mere speculation that missing witnesses would have been helpful is insufficient to meet a petitioner's burden of proof); *Aldrich v. Wainwright*, 777 F.2d 630, 636 (11th Cir. 1985) (speculation insufficient to carry the burden of a habeas corpus petitioner as to what evidence could have been revealed by further investigation).

Petitioner has failed his burden to show that the state courts' denial of this ineffective assistance of trial counsel claim was an unreasonable application of *Strickland* or based on an unreasonable determination of the facts. Accordingly, Ground One does not warrant federal habeas relief.

**Ground Two**

Petitioner contends that he was denied due process when the state trial court denied his motion for judgment of acquittal. In support of his contention, Petitioner argues that the State presented only circumstantial evidence that did not rebut his reasonable hypothesis of innocence, namely, that he did not participate in the robbery, but rather was present at the scene of the robbery to purchase drugs, and fled when police arrived because he believed there was a warrant for his arrest for failing to pay child support.

Petitioner's contention that the state court should have granted his motion for judgment of acquittal because the State's circumstantial evidence failed to contradict his reasonable hypothesis of innocence[2] is a state law issue for which federal habeas corpus relief does not lie.[3] Federal habeas relief for a person in custody pursuant to the judgment of a state court is available only on the ground that the custody violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). *See also Jones v. Goodwin*, 982 F.2d 464, 471 (11th Cir. 1993). Petitioner's claim challenging the state court's failure to grant his motion for judgment of acquittal under state law standards presents no basis for federal habeas corpus relief because the claim presents no federal constitutional question. 28 U.S.C. § 2254(a). *See also Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("[I]t is not the province of a federal habeas court to re-examine state court determinations on state-law questions.").

---

[2] Under Florida law, "'[w]here the only proof of guilt is circumstantial, no matter how strongly the evidence may suggest guilt, a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence.'" *Darling v. State*, 808 So. 2d 145, 155 (Fla. 2002) (quoting *State v. Law*, 559 So. 2d 187, 188 (Fla. 1989)).

[3] Federal law does not mandate that the circumstantial evidence must be inconsistent with any reasonable hypothesis of innocence. *See United States v. Garcia*, 13 F.3d 1464, 1473 (11th Cir.), *cert. denied*, 512 U.S. 1226 (1994) ("The Court need not exclude every reasonable hypothesis of innocence or find guilt to be the only reasonable conclusion.") (citation omitted).

The limitation on federal habeas review to a claim of federal constitutional error applies with equal force when, as here, a petition which actually involves state law issues is couched in terms of a Fourteenth Amendment due process violation. *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988); *Willeford v. Estelle*, 538 F.2d 1194, 1198 (5th Cir. 1976).

Additionally, even if Petitioner's claim could be liberally construed as a federal due process challenge to the sufficiency of the evidence, the claim is unexhausted because Petitioner did not present the federal constitutional nature of his claim to the state appellate court on direct appeal.[4] When Petitioner challenged the trial court's denial of his motion for judgment of acquittal on direct appeal, he did not fairly present a federal constitutional violation to the appellate court (Resp. Ex. 6 at pp. 10-16). His Initial Brief cited solely to state cases, none of which were decided on federal grounds (Id.). And the basis of Petitioner's argument was that "the state failed to present competent substantial evidence that was inconsistent with the Appellant's hypothesis of innocence," as required under Florida law (Id.). Petitioner did not indicate in any way that he intended to raise a federal due process or insufficiency of the evidence claim, and nothing in his argument would have alerted the state appellate court to the presence of a federal claim about due process (Id.).

A petitioner must present each federal claim to a state court before raising the claim in federal court. "A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in state courts." *Henderson*, 353 F. 3d at 891 (citation omitted). "The AEDPA requires a state prisoner to exhaust all available state court remedies, either on direct appeal or in a state post-conviction proceeding." *Pearson v. Secretary, Dept. of Corrections*, 273 Fed. Appx. 847, 849 (11th Cir. 2008). As *Pearson* notes, federal claims

---

[4]Respondent raises the defense of failure to exhaust the federal claim (Dkt. 12 at pp. 18-20).

must be presented in a manner that alerts the state court that "the ruling under review violated a federal constitutional right." *Id.* at 849-50. "A state prisoner does not 'fairly present' a claim to a state court if that court must read beyond...a brief" to find the federal claim. *Baldwin v. Reese*, 541 U.S. 27, 32 (2004).

As discussed above, Petitioner's Initial Brief on direct appeal did not fairly present a federal constitutional claim to the state appellate court, and nothing in Petitioner's argument alerted the state appellate court to the presence of a federal claim. Therefore, Petitioner failed to exhaust his federal claim.

Petitioner is now barred by state procedural rules from returning to state court to present his federal claim because a second direct appeal is not available and would be untimely, and the claim may not be raised in a state post-conviction motion. *See Smith v. State*, 741 So. 2d 585 (Fla. 5th DCA 1999) (recognizing prohibition against successive appeals); *Claughton v. Claughton*, 393 So. 2d 1061, 1062 (Fla. 1980) ("The general law and our procedural rules at both the trial and appellate levels are designed for one final judgment and one appeal."); *Seminole County Bd. of County Comm'Rs v. Long*, 422 So. 2d 938, 942 (Fla. 5ᵗʰ DCA1982) ("The [Florida] constitution gives litigants the right to one appeal from initial judicial action."); Fla. R. App. P. 9.140(b)(3) (defendant wishing to appeal a final judgment must do so within "30 days following rendition of a written order"); Fla. R. Crim. P. 3.850(c) ("This rule does not authorize relief based on grounds that could have or should have been raised at trial and, if properly preserved, on direct appeal of the judgment and sentence."); *Harmon v. Barton*, 894 F.2d 1268, 1270 (11th Cir.), *cert. denied*, 498 U.S. 832 (1990) (under Florida law, an issue which could have been raised on direct appeal may not be reviewed in a Rule 3.850 motion). Petitioner's federal claim is therefore procedurally defaulted.

11

Consequently, absent an exception to the procedural default, the claim is barred from review in this Court.

Petitioner has failed to show either cause and prejudice for the default, or that a fundamental miscarriage of justice will result if the claim is not addressed on the merits. Consequently, he is not entitled to federal review of his claim.

Accordingly, Ground Two does not warrant federal habeas relief.

**Ground Three**

Petitioner complains that on appeal from the denial of Petitioner's Rule 3.850 motion, appellate counsel was ineffective in failing to raise Petitioner's claim that trial counsel was ineffective in advising Petitioner that if he took the stand, the nature and substance of his prior convictions would be revealed to the jury. This claim is not cognizable in a federal habeas proceeding. See 28 U.S.C. § 2254(i) ("The ineffective or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding under section 2254."). Petitioner cannot prevail on this ineffective assistance claim because he has no constitutional right to counsel in post-conviction proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 755 (1991) (no right to counsel exists in state collateral proceedings). Accordingly, Ground Three does not warrant federal habeas relief.

ACCORDINGLY, it is **ORDERED** that:

1. The Amended Petition for Writ of Habeas Corpus (Dkt. 6) is **DENIED**.

2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS**

**DENIED**

      **IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability

(COA). A petitioner does not have absolute entitlement to appeal a district court's denial of his

habeas petition. 28 U.S.C. § 2253(c)(1). A district court must first issue a COA. Id. Petitioner is

only entitled to a COA if he demonstrates that reasonable jurists would find debatable whether the

Court's procedural ruling was correct and whether the § 2254 petition stated "a valid claim of the

denial of a constitutional right." Id.; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To make a

substantial showing of the denial of a constitutional right, Petitioner "'must demonstrate that

reasonable jurists would find the district court's assessment of the constitutional claims debatable

or wrong,'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack*, 529 U.S. at 484), or that

"the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v.*

*Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

Petitioner cannot make the requisite showing because he cannot demonstrate that reasonable jurists

would debate whether the Court's procedural rulings were correct, or whether the amended petition

stated a substantial denial of a constitutional right. And because Petitioner is not entitled to a

certificate of appealability, he is not entitled to appeal *in forma pauperis*.

      **DONE and ORDERED** in Tampa, Florida, on ___May 19ᵗʰ___, 2015.

                                    **JAMES D. WHITTEMORE**

                                      **United States District Judge**

SA:sfc
Copy to: Petitioner *pro se*
        Counsel of Record